Adam Kramer and W. F. Gray for the Bank.

(Superior Court of Cincinnati) General Term.

## CHARLES KRAMER, A MINOR, AGED SEVEN YEARS, BY HIS NEXT FRIEND, JOHN KRAMER v. HENRY FAY.

Explosions of sewer gas or some other substance in a vault.

In order to entitle a plaintiff to recover for an injury, there must be some evidence tending to support the issue and to show that the negligence complained of brought about the injury.

(Announced June 1, 1897.)

HUNT, J.; SMITH and JACKSON, JJ., concurring.

This case comes before the court in error to the special term.

The petition alleges that Henry Fay, the defendant in error, is the owner of certain real estate, with improvements thereon, at the south-east corner of Bank and Baymiller streets, in the city of Cincinnati, and was such owner at the time of the happening of the events complained of; that there is located on said premises, a certain closet connected with the sewerage system of the city of Cincinnati, and that through the negligence and carelessness of said Fay, the closet on the premises became filled with sewer gas or some other explosive substance, and that by reason of the improper condition of the same, and in consequence therof, tha Charles Kramer, a minor aged seven years, on the 7th day of November, 1895, being lawfully on the premises and while in said closet, was burned, bruised, hurt and injured by and through the explosion of the sewer gas or some other explosive substance, without any fault on his part, to his damage in the sum of $10,000.

The answer admits the ownership of the property described, but denies each and every other allegation in the petition.

At the conclusion of the testimony for the plaintiff, the defendant below moved the court to arrest the testimony from the jury, and to direct a verdict for the defendant; which motion was granted by the court.

Error is now presented to reverse the judgment of the court below in directing a verdict for the defendnat on the evidence of the plaintiff.

It appears from the record, that the court below directed a verdict for the defendant on the ground that Henry Fay was not the proper defendant; that he was not in charge of the premises, but had leased the premises to other parties, and that the premises were sub-let to parties who were the sub-tenants of tenants.

It is the law that if the evidence tends in any degree to prove all the facts which it is incumbent on the plaintiff to establish in order to maintain his action, he has the right to have the weight and sufficiency of the evidence passed upon by the jury

Slochstill v. D. & M. R. R. Co., 24 Ohio St., 83.

It is also true that in a proper case, the court may take from the jury the evidence given by the plaintiff and render judgment for the defendant, or may attain the same end by submitting the case to the jury with instructions to return a verdict for the defendant. Kelly v. Howell, 41 Ohio St., 438.

The case of Greiwe v. The Consolidated Fire Works Co., 12 C. C. R., 20, was one where damages resulted from an explosion by fire-works. The court there held that in an action for damages for injury caused by defendant's negligence, the evidence, in order to submit the cause to the jury, must tend to show that the negligence complained of, actually brought about the injury, and the court should withdraw the case from the jury and order a verdict for the defendant when the proof as to the cause of the injury was mere speculation. If the evidence, however, is appropriate to the issue, although it may be slight and not sufficient in the opinion of the court to entitle the plaintiff to a verdict, still the jury should be permitted to pass upon it and it would be wrong in the court to decide a non-suit " This is the scintilla case as defined in Dik v. The Railroad Company, 38 Ohio St., 389

The case below did not authorize a recovery because there is no evidence tending to show that the defendant was guilty of any actionable negligence. Indeed the record does not show any negligence whatever on the part of the defendant. There is no testimony that oil was thrown into the catch basin, nor does the testimony tend to show that the defendant knew that oil or gasoline or an inflammable substance was thrown into the vault. There is no testimony to disclose what caused the explosion; in order to entitle the plaintiff to recover, there must be some evidence tending to support the issue, and that the negligence complained of, brought about the injury. If there is no evidence tending to show this fact, the court could properly withdraw the case from the jury. There is no prejudicial error in the record, and the judgment of the court in special term will be affirmed.

Gustav R. Werner, for plaintiff in error.
Von Seggern, Phares & Dewald, contr. a